## MARY A. D. ROBINSON *vs.* SAMUEL GUILD.

A widow, who is administratrix of her husband's estate, and brings a bill in equity to redeem real estate mortgaged by him, does not make the bill multifarious, by therein claiming to maintain her suit in both capacities.

A bill in equity is not necessarily multifarious, by reason of its seeking to redeem two distinct mortgages of different parcels of real estate, or by reason of its seeking specific performance of distinct contracts relating to different parcels of real estate.

A valid objection to a part of the claim made in a bill in equity will not sustain a demurrer to the whole bill.

THE plaintiff set forth, in a bill in equity, that Charles Pierce, on the 28th of February 1835, owned in fee a certain estate (described) situate on Atkinson Street, Boston, and mortgaged the same, on that day, to Abel Phelps, to secure payment of a note for $9282 in one year, with interest semi-annually: That said Pierce, on the 2d of September 1835, conveyed all his interest in said mortgaged estate (his right of redemption) to Thomas Robinson: That said Robinson, on the 24th of March 1837, wishing to perfect his title, by foreclosure, without causing a merger of said mortgage by taking an assignment of it himself, agreed with said Phelps to assign it to whomsoever said Robinson should request; and that by said Robinson's request, said Phelps assigned the mortgage to Ebenezer Eaton, said Robinson paying the consideration for the assignment, and Eaton agreeing to hold in trust for Robinson, and to assign as Robinson might desire: That Samuel Guild, (the defendant,) on the 25th of March 1837, lent to said Robinson $10,000, for two years, upon interest at twelve per cent. per annum, to enable Robinson

to pay said Phelps, and that said Robinson gave his promissory note to the defendant for said sum of $10,000, payable in two years, and also gave to the defendant, for interest and extra interest on said sum, and for no other consideration, two other promissory notes, each for $1200, one payable in one year, and the other in two years, and all payable to the defendant or his order : That, at the time of said loan and the giving of said notes, said Robinson caused said Eaton to assign to the defendant said Pierce's note and mortgage aforesaid, to be held by the defendant as collateral security for said $10,000. and interest : That said Robinson afterwards paid both said notes for $1200, and that he, and his administratrix (the plaintiff) had paid large sums on the $10,000 note : That, at the time of the aforesaid arrangement, and as a part thereof, the defendant gave to said Robinson a writing, wherein he acknowledged that he had received said assignment as collateral security, and engaged to reassign to said Robinson, or his order, on demand, after said Robinson's three notes aforesaid should be paid.

The plaintiff further set forth, that said Pierce, on the 12th of September 1834, owned another estate (described) in Endicott Street, Boston, which he, on that day, mortgaged to William H. Sumner, to secure a note for $1953·17, payable to him or order, in one year, with interest ; and that said Pierce, on the 29th of April 1836, conveyed all his interest in said estate (his right to redeem) to said Robinson : That on the 11th of August 1837, said Robinson paid to said Sumner the amount due on said mortgage, and that said Sumner, at said Robinson's request, assigned said mortgage to the defendant, who had lent to said Robinson $2300 for two years, with interest at nine per cent. per annum, and had agreed to hold said mortgage as collateral security therefor : That when said mortgage was so assigned to the defendant, it was done wholly for the benefit of said Robinson, who then gave his own promissory note to the defendant for said $2300, payable in two years, without interest, and also gave him four other promissory notes, for $103 50 each, payable

in six, twelve, eighteen and twenty four months, without interest, for two years' interest, at nine per cent. per annum, on said $2300, and for no other consideration; all which four notes were paid by said Robinson, and also divers other sums were paid by him and by his administratrix (the plaintiff) on said note for $2300: That the defendant, when the mortgage last mentioned was assigned to him, gave a writing, under seal, to said Robinson, acknowledging that he held said mortgage as collateral security for the aforesaid five notes, and obligating himself, upon payment of said notes, to assign said mortgage to said Robinson, or his assigns, on demand.

The plaintiff furthermore alleged, in her bill, that said Robinson, who was her husband, died intestate, on the 23d of December 1842, and that she was duly appointed administratrix of his estate: That said Robinson, after his intermarriage with her, was seized of the above mentioned parcels of real estate, and that she, as his widow, was "entitled to a right of dower therein, and also to a right of redemption of those estates, respectively, upon paying to said Guild the balance justly and lawfully due on each:" Also that she, as administratrix of her said husband's estate, was entitled to redeem the said real estates, and was bound so to do, inasmuch as said estates were, respectively, of far greater value than the incumbrances thereon; but that she could not, in the capacity of administratrix, lawfully pay more than the sum due thereon, out of her intestate's assets: That the personal property of her said intestate was insufficient to pay his debts; but that his real estate was ample for that purpose: That she was ready and willing to pay to the defendant the amount justly and lawfully due on each or either of said mortgages, or on the notes for which they are held as collateral security, and to redeem either or both of said mortgages; and that she had offered so to do: That she had repeatedly demanded of the defendant an account or statement of the balance due on each of said mortgaged estates, and of his claims thereon, and that no proper answer had been given to her by the defendant: That she had been advised that, in respect to

each of said mortgages, the amount lawfully due to the defendant was just the amount which he, in a suit at law in each case, could recover judgment for, against said Robinson's administratrix, on the respective notes given by said Robinson for the several aforesaid loans made to him by the defendant; and that, in any such suit, threefold the whole amount of interest reserved or taken, as herein before specified, would be deducted from such notes, and the balance only, in each case, be allowed against her.

The prayer of the bill was, that the defendant might make full answer, and might account; and that the plaintiff might be allowed to redeem, and the defendant be compelled to perform his agreements, specified in the bill, upon his receiving the just and true amount due to him in each case. There was also a prayer for general relief.

The defendant demurred to the bill, 1st, because the plaintiff exhibits her bill in the double capacity of widow and administratrix; 2d, because she seeks to redeem two different and distinct mortgages, of different dates, and held by different titles; 3d, because she seeks to recover the usurious interest alleged to have been paid on distinct and separate matters of contract; 4th, because she prays for the specific performance of distinct contracts relating to different parcels of real estate; and 5th, because the bill is multifarious.

*S. D. Parker,* in support of the demurrer. The plaintiff cannot sue as administratrix and as widow. *Carter* v. *Treadwell,* and *Vose* v. *Philbrook,* 3 Story R. 51, 344. *Shackell* v. *Macaulay,* 2 Sim. & Stu. 79. *Binney's case,* 2 Bland, 99.

Usurious interest cannot be recovered back, unless a bill or action, for that purpose only, is brought within two years. Rev. Sts. *c.* 35, § 3. Besides; a party is not bound to make discovery of any thing that will expose him to a forfeiture or penalty. 1 Daniell Ch. Pract. 443, 634.

*H. W. Fuller,* for the plaintiff. The plaintiff, as administratrix, is entitled to redeem, and is bound so to do, in justice

to the intestate's creditors. *Buford* v. *Pawling*, 5 Dana, 285. *Bickford* v. *Daniels*, 2 N. Hamp. 71. She is also, as widow, entitled to redeem. *Gibson* v. *Crehore*, 3 Pick. 475, and 5 Pick. 146. *Eaton* v. *Simonds*, 14 Pick. 98. *Van Vronker* v. *Eastman*, 7 Met. 157. *Marshall* v. *Anderson*, 1 B. Monr. 198. And she may bring her bill in both capacities. In those two capacities she represents the whole estate ; and it is for the defendant's benefit to have the whole matter brought forward in one suit. Besides ; the analogies of the law are in favor of her right to sue in both capacities. Heirs may join in an action of waste, which is, like the present bill, for the preservation of the estate. *Sackett* v. *Sackett*, 8 Pick. 309. A demandant may sue for two parcels of land, in one writ of entry. *Somes* v. *Skinner*, 16 Mass. 348. See also *Whitney* v. *Whitney*, 5 Dana, 329. *Blease* v. *Burgh*, 2 Beavan, 221. *Campbell* v. *Mackay*, 1 Myl. & Craig, 603. 1 Daniell Ch. Pract. 384, 385, 388, 389, 392, 399. Story Eq. Pl. §§ 254, 271 – 280.

As the plaintiff shows a case for relief, a demurrer to the whole bill will not be sustained.

WILDE, J. This is a bill in equity, to which the defendant demurs for several causes. The first is, that the plaintiff is the widow of Thomas Robinson, mentioned in the bill, and the administratrix on his estate, and claims the right to maintain the suit in both capacities. And this, it is argued, renders the bill multifarious. The opinion of Story, J. in the case of *Carter* v. *Treadwell*, 3 Story R. 51, is cited in support of this objection. " The bill," Judge Story says, " is open to the objection of multifariousness in mixing up an independent claim of Carter," (the plaintiff,) " in his own right, with the transactions of Adams with the defendant, with which he had nothing to do, except in his capacity as administrator." Such, however, are not the facts in the present case. The plaintiff claims, in both capacities, under the said Thomas Robinson. Both claims are homogeneous in their character, and it is immaterial to the defendant, in which capacity the plaintiff claims. This case comes within

the rule of pleading laid down by Daniell, and which is supported by the cases cited by him : Where the plaintiff claims the same thing under different titles, the statement of them in the same bill will not render it multifarious. 1 Daniell Ch. Pract. 395.

In the second place, it has been argued that the bill is multifarious, because it seeks to redeem two different and distinct mortgages of different dates, and held by different titles ; or it prays for the specific performance of distinct contracts relating to different parcels of real estate. There seems to be, upon the authorities, no inflexible rule established as to what constitutes multifariousness. The general principle is, that the court will not, on the one hand, encourage an unnecessary multiplicity of actions, and, on the other hand, will not allow the plaintiff to join in his bill a multiplicity of different and distinct matters, so as to embarrass the defendant in his defence, or to produce confusion, or to render the case complicated and difficult to be understood. And certainly this bill is not liable to any such objection. If two bills were filed, the defence would be the same ; and there seems to be no more reason why the plaintiff's two claims should not be joined in one bill, than why two notes of hand should not be joined in one declaration in an action at common law. Cooper Eq. Pl. 182. 1 Daniell Ch. Pract. 394.

The remaining objection to the bill is, that it seeks to deduct penalties from the amount due on the mortgages, under the statute of usury. This may be a valid objection, in a court of equity, to this part of the plaintiff's claim ; but it will not sustain a demurrer to the whole bill.

*Demurrer overruled.*